██ HENRY L. DIAMOND, as Commissioner of Environmental Conservation of the State of New York, Respondent, v. KENNETH APPLETON, Appellant.—

 Memorandum: Recognizing fully the emergency nature of this matter, we deem it imperative that trial of the permanent injunction action be had immediately. In so determining the motion for a stay we do not reach the question of defendant's right to have his appeal from the temporary injunction heard, and we grant the limited extension of the stay for the express purpose of facilitating final determination of this action.

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH O. VAN SLYKE, Appellant.— Memorandum: Defendant has made an informal application for *coram nobis* relief based upon his allegation that he was denied counsel upon a review by the court of a judgment of May 10, 1955, of Onondaga County Court convicting him upon a plea of guilty of burglary, third degree, and grand larceny, second degree. The judgment was affirmed by us on December 23, 1959 (9 A D 2d 1022). The records of this court disclose that defendant moved *pro se* on July 8, 1958, for leave to appeal as a poor person but did not request assignment of counsel. The requested relief was granted (8 A D 2d 1001, 1002). Thereafter defendant served a brief of 57 pages with an appendix of 11 pages. We view his present contention that he was deprived of counsel on the appeal as wholly without merit.

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM F. BRONSON, Appellant.— 
 Memorandum: The fact that portions of the stenographer's minutes taken prior to the commencement of presentation of proof are not available is insufficient to mandate an automatic reversal of the judgment. The burden rests on appellant to demonstrate that the untranscribed portions of such minutes are required for a proper determination of the appeal (cf. *People* v. *Fearon*, 13 N Y 2d 59, 61). Thus, in accord with our previous order, defendant, upon the presentation of the appeal may show the presence of prejudice to himself from the absence from the minutes of proceedings had prior to the making of opening statements of respective counsel.